UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 75-CR-26-3-F
No. 5:06-CV-23-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JEFFREY R. MacDONALD, | ) | |
|     Movant. | ) | |
| | ) | |

This matter is before the court on motions filed by Mr. F. Hill Allen, on behalf of himself and his law partner, Mr. Wade Smith, to withdraw as counsel [DE-192] for Jeffrey R. MacDonald ("MacDonald"), in light of their discovery of a conflict of interest; and for the appointment of counsel [DE-191] for MacDonald under 18 U.S.C. § 3000A, and Rule 8(c) of the Rules Governing § 2255 Proceedings. The Government has filed its Response [DE-194] to the motions, and Mr. Allen has filed a Reply [DE-197].

I. Motion to Withdraw

The Motion to Withdraw [DE-192] assumes the only lawyers still representing MacDonald are Messrs. Wade Smith and F. Hill Allen, IV, members of the Tharrington Smith, LLP, law firm in Raleigh, North Carolina; and Ms. Christine Mumma, Executive Director of the North Carolina Center on Actual Innocence in Durham, North Carolina. Wade Smith was among the attorneys representing MacDonald at trial; years later, Mr. Smith represented James Blackburn in an unrelated criminal matter. Mr. Blackburn was the Assistant United States Attorney who prosecuted MacDonald. Mr. Blackburn's alleged misconduct has formed the basis for a large portion of MacDonald's grounds for relief from his conviction and sentence, and is the primary ground upon which the Fourth Circuit Court of Appeals granted authorization for MacDonald to pursue this successive § 2255 action. Mr. Allen contends that Mr. Smith's anticipated role in the proceedings of this case mandates that they both be

permitted to withdraw from representing MacDonald.

As background, well after MacDonald's request for an evidentiary hearing upon remand of this matter from the Fourth Circuit Court of Appeals and in response to MacDonald's motions that would necessitate a continuance of such a hearing, the Government explained its reason for requesting a late 2011 hearing rather than one continued into 2012. Specifically, the court is informed that the presiding judge in the criminal prosecution, *United States v. Johnny Reid Edwards*, No. 1:11-CR-161-F (M.D.N.C.), had scheduled the *Edwards* trial for January 2012. *See* Government's Response [DE-185] p. 2 & n.1. At the time of the Government's Response, Mr. Smith was "part of the *Edwards* trial team,"[1] and the Government noted that "the *Edwards* trial will draw on many of the same resources of the [United States Attorney's Office, EDNC] that the *MacDonald* hearing would." *Id.* at p. 2. Additionally, the Government observed that, "Mr. Wade M. Smith of the Raleigh bar will undoubtedly be a witness at the hearing on the [MacDonald] Britt claim, likely subpoenaed by both sides, with respect to the circumstances of the Stoeckley interviews of August 16, 1979, and her testimony the next day, as well as the timeliness of the Britt claim." *Id.*[2]

---

[1] The court recently was informed that Mr. Smith no longer is a member of the *Edwards* defense team.

[2] The "Britt claim," which is the alleged factual basis on which the current iteration of MacDonald's post-conviction proceedings arises, centers on the affidavit of retired (and now deceased) former Deputy United States Marshal Jimmy Britt who, decades after MacDonald's conviction, admitted to persons associated with MacDonald that Britt had overheard MacDonald's prosecutor, James Blackburn, intimidate key witness, Helena Stoeckley, by threatening during a mid-trial interview to charge her with murder if she testified that she had been in the MacDonald home on the night of the MacDonald family killings. MacDonald contends that, according to his attorneys' interview of Ms. Stoeckley earlier the same evening, she had been poised to testify in his favor, but that Blackburn's threats caused her to change her testimony the next morning in court.

MacDonald raised the Britt claim in support of his unwaivering contention that his conviction was obtained by prosecutorial misconduct. In further support of that position, MacDonald contends that former prosecutor Blackburn also lied to the presiding judge, the late Honorable Franklin T. Dupree, Jr., during a bench conference concerning the parties'

2

Mr. Allen's Reply [DE-197] contends passionately that his conflict of interest has been created by the virtual certainty that he will have to cross-examine the former client (James Blackburn) of his current law partner, Wade Smith. "At the time Hill Allen appeared to assist lead counsel Hart Miles,[3] no one contemplated that Hill Allen would be cross-examining his own partner's former client and taking an active role in publicly condemning Mr. Blackburn's misconduct." Reply, p. 1; *see also id.*, p. 2. Allen contends that if forced to remain as MacDonald's counsel, he would violate Rule 1.7 of the North Carolina Rules of Professional Conduct. He queries,

> How can Hill Allen's representation of Defendant [sic] not be limited by his own partner Wade Smith's past representation of a central figure (James Blackburn) on later criminal charges, especially now that lead counsel for MacDonald has withdrawn, thereby putting Allen in a more pivotal role, given all the attendant duties of confidentiality, loyalty, independent judgment and zeal to current and former clients?

*Id.* pp. 2-3. Furthermore, Allen states that neither he nor Ms. Mumma "ha[s] prior experience with a § 2255 evidentiary hearing nor with proceedings under § 2255(h)." *Id.* p. 5.

Ms. Mumma does not seek to withdraw. According to Mr. Allen, Ms. Mumma has no federal experience and joined the MacDonald defense team "on a *pro bono* basis with the limited intention of assisting with the IPA[4] claim for further DNA testing." In short, Mr. Allen suggests she is not qualified to assume his role as MacDonald's lead counsel.

---

interviews with Ms. Stoeckley the previous night. *See* Order [DE-150] pp. 5; 10-12 (quoting Trial Transcript pp. 5614-19). Mr. Smith also participated, along with MacDonald's lead trial counsel, Bernard Segal, in both the Stoeckley interview and the bench conference the next morning. *See id.* The prosecutorial misconduct allegations, as bolstered by the "newly discovered" Britt claim, have been the driving force propelling MacDonald's petition to file a successive § 2255 petition, *see* [DE-111], since it was filed in January 2006.

[3] Mr. Allen filed his Notice of Appearance as counsel for MacDonald in September 2011, more than five and a half years after MacDonald had initiated this successive § 2255 petition on the basis of the "newly discovered" Britt affidavit claiming to have heard former prosecutor Blackburn threaten purported key defense witness, Ms. Stoeckley.

[4] Innocence Project Act, 18 U.S.C. § 3600. Ms. Mumma is the Executive Director of the North Carolina Center on Actual Innocence.

The court is persuaded that Mr. Allen sincerely believes he has a conflict of interest that requires him to withdraw from representing MacDonald in these proceedings, notwithstanding the fact that the evidentiary hearing MacDonald has sought for nearly six years is scheduled to begin in four weeks. Mr. Allen's Motion to Withdraw [DE-192] is HELD IN ABEYANCE, however, until **December 6, 2011**, in order that Mr. Allen may assist MacDonald in performing two additional tasks, described below, not implicating the conflict of interest.

II. Motion to Appoint Counsel

Because Messrs. Smith and Allen seek leave to withdraw, Mr. Allen moves also for an order directing the appointment of counsel to represent MacDonald in their place, pursuant to this district's Criminal Justice Act Plan. Mr. Allen contends that the Government's statement that MacDonald "has a 'roster' of attorneys prepared to represent him at the evidentiary hearing," Reply, p. 5 (citing [DE-194], p. 5, ¶ 18) is incorrect, and insists that the Internet website cited by the Government "is not updated on a regular or complete basis." Reply, p. 5. Mr. Allen contends, "Indeed, all of the attorneys listed on the 'Defense Counsel' exhibit touted by the Government (DE-194-3) have either withdrawn or are not attorneys of record, and none intend to appear in this proceeding." [5] *Id.* p. 6.

The court is fully aware of the requirement contained in Rule 8(c), Rules Governing § 2255 Proceedings, that if an evidentiary hearing is warranted the court must appoint an attorney to represent a § 2255 movant "who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Acknowledging the existence of MacDonald's internet website with its instructions for contributing to "the MacDonald Defense Fund, a 501(c)(3) non-profit entity established in 2001," Mr. Allen has filed the affidavit of the Fund's Administrator who avers that the Fund

---

[5] The webpage is http://www.themacdonaldcase.org/Defense_Counsel.html. When accessed on 11/7/11, it still listed the names, photographs and short CV's of Hart Miles, Joe Zeszotarski, Phil Cormier, Andy Good, Tim Junkin, and Wade Smith.

contains $3,316.25 and no other assets.[6] MacDonald also has supplied under seal his financial affidavit supporting his application for CJA counsel. Mr. Allen contends these documents evidence MacDonald's eligibility for court-appointed counsel. In seeking leave to withdraw, Mr. Allen suggests that the court appoint in his stead Mr. M. Gordon Widenhouse, Jr. pursuant to this district's CJA plan.[7]

In light of the circumstances of the case and the documentation supplied in support of the instant motion, the court is inclined to allow MacDonald's motion for appointment of a CJA panel attorney. Before issuing a decision and order in that regard, however, the undersigned **DIRECTS** Mr. Allen to assist MacDonald with two additional tasks.

A. Affidavit Naming Counsel of Record

It may be "painfully apparent" to Mr. Allen that MacDonald "is without resources to pay for counsel to prepare for and conduct the evidentiary hearing . . . and associated expenses," Reply [DE-197] pp. 4-5, but the record in this case reflects that the following attorneys have made some kind of appearance on MacDonald's behalf since he was indicted in 1975:[8]

F. Hill Allen, IV
Phillip G. Cormier

---

[6] The Government referred in its Response [DE-194], p. 5, to the website, http://www.themacdonaldcase.org/Defense_Fund.html (accessed 11/2/2011) (offering to accept tax-deductible donations by "money order or check, payable to the MacDonald Defense Fund" to "defray the administrative and related costs associated with working to overturn wrongful convictions").

[7] Of course, "an indigent criminal defendant has no constitutional right to have a particular lawyer represent him." *United States v. Basham*, 561 F.3d 302, 324 (4th Cir. 2009) (citing *Miller v. Smith*, 115 F.3d 1136, 1143 (4th Cir. 1997)).

[8] This list has been assembled by a review of the paper docket sheet, dating from January 24, 1975, through the most current CM/ECF entries in November 2011. The overwhelming majority of these attorneys did not file formal notices of appearance and only a handful filed motions to withdraw. The nature of any attorney's arrangement with MacDonald is not a matter of concern to the court, and the assembled list in no way is intended to be exclusive, inclusive, or, for that matter, official. Docket entry procedures and practices in this district have evolved a great deal over the past several decades. In short, it is close to impossible to determine exactly who has made an appearance on behalf of MacDonald, exactly when, or for what period of time.

Karen R. Davidson
Durant Williams Escott
Richard H. Fox
Andrew Good
Robert H. Hood, II
Timothy D. Junkin
Mr. Malloy
Hart Miles
Christine C. Mumma
John J. Murphy
Brian O'Neill
Barry Scheck
Bernard Segal
Raymond R. Shedlick
Harvey A. Silvergate
Norman B. Smith
Wade M. Smith
Joe Zeszotarski

As of the date of this order, only F. Hill Allen, IV, Wade Smith and Christine C. Mumma, are reflected as active counsel of record for MacDonald. However, in light of the A-Z list of lawyers who have made an appearance over the years, and because MacDonald now seeks to have another lawyer appointed to represent him at public expense, the court deems it necessary and appropriate in the interest of justice to require MacDonald under oath to state the names of his attorney(s) of record as of the date this order is filed. Mr. Allen is DIRECTED to assist MacDonald in preparing and filing his affidavit, on or before December 5, 2011.

B. Availability of Defense Fund Contributions/Assets

Additionally, Mr. Allen is DIRECTED to assist MacDonald in obtaining and filing with the court the affidavit of the Administrator of the MacDonald Defense Fund stating the availability of the Fund's assets to reimburse fees paid to an attorney appointed pursuant to the CJA. See 18 U.S.C. §§ 3006A (c), (f). **The Administrator's Affidavit shall be filed on or before December 5, 2011.** MacDonald's Motion to Appoint Counsel [DE-191] also is HELD IN ABEYANCE pending timely receipt of the Administrator's Affidavit.

MacDonald is advised that he is not entitled to select an attorney to be appointed to represent him under the CJA Plan. Appointment of counsel, if any, will proceed in accordance

with the Plan adopted by this district, and an attorney will be appointed from the CJA list of qualified Panel Attorneys.

III. Hearing Date

Given the current procedural posture of this case, MacDonald's evidentiary hearing, now scheduled for the week of November 28, 2011, cannot go forward. The Government diligently has advised the court and MacDonald's counsel of pre-existing commitments in its office that likely would interfere or conflict with its preparation for and participation in the lengthy evidentiary hearing anticipated herein. Therefore, in order to accommodate both parties, and in anticipation of entirely new counsel undertaking the prosecution of this § 2255 proceeding on behalf of MacDonald, it is ORDERED that the evidentiary hearing scheduled for November 28, 2011, is CONTINUED until the week beginning **April 30, 2012**, at 10:00 a.m. in Wilmington, North Carolina. The court DIRECTS the United States Attorney to arrange for MacDonald's transport, housing and attendance during the evidentiary hearing.

***This order does not affect any deadlines currently in effect, and any request for an extension thereof shall be filed immediately. Additionally, all communications between the attorneys in this case and the court shall be by motion, response, reply and order filed with the Clerk of Court.***

### SUMMARY

In summary, Mr. Allen's Motion to Withdraw [DE-192] and MacDonald's Motion for Appointment of Counsel [DE-191] under this district's CJA Plan are HELD IN ABEYANCE pending this court's review of (i) MacDonald's affidavit identifying his current counsel of record, and (ii) the MacDonald Defense Fund Administrator's affidavit declaring the availability of tax-exempt contributions and other asserts to reimburse the CJA program for appointed counsel's fees. These affidavits are to be filed as directed herein, on or before **December 5, 2011.** The Clerk of Court is DIRECTED to re-submit these motions on **December 6, 2011.** The Clerk of Court further is DIRECTED to re-schedule and notice the evidentiary hearing

7

pursuant to remand of this matter from the Fourth Circuit Court of Appeals, for the week of **April 30, 2012.**

SO ORDERED.

This, the _8th_ day of November, 2011.

                           _James C. Fox_
                           JAMES C. FOX
                           Senior United States District Judge