UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 3:75-CR-26-F
No. 5:06-CV-23-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| JEFFREY MACDONALD, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on the Government's Motion to Seal [DE-287] the document located at Docket Entry 286. The Government indicates in its Memorandum in Support of Motion to Seal [DE-288], filed under seal, that counsel for Movant indicates he joins in the Motion to Seal.

Local Civil Rule 79.2 provides that any "party desiring to file a document under seal must first file a motion seeking leave in accordance with Section T of the CM/ECF Policy Manual." Local Civil Rule 79.2(a). Section T of the CM/ECF Policy Manual, in turn, provides in relevant part the following:

> 1. Except for motions filed under seal in accordance with Section T(1)(a)7 of this Policy Manual, each time a party seeks to file under seal, said party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:
> (i) the exact document or item, or portions thereof, for which filing under sale is requested;
> (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
> (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
> (iv) the reasons why alternatives to sealing are inadequate; and

(v) whether there is consent to the motion.

**In addition to the motion and the supporting memorandum, the filing party must set out such findings in a proposed order to seal, which should be submitted in accordance with Section M of this Policy Manual.**

2. All proposed protective orders submitted to the court must contain the language in Section T(1)(A)1(i) through (v) with respect to the filing of sealed material.

Policy Manual pp. 25-26 (emphasis in original).

The Memorandum in Support of the Motion to Seal [DE-288] and the Proposed Order [DE-287.1] do not comply with the procedures set forth in Section T. Specifically, the Government (1) fails to articulate how its request to seal overcomes the common law or the First Amendment presumption to access; (2) fails to explain why the specific qualities of the material at issue justify sealing the material, taking into account the balance of competing interest in access, and (3) fails to explain why alternatives to sealing are inadequate. Additionally, the Proposed Order submitted by the Government fails to set out the findings mandated by Section T.

Given the Government's failure to comply with Section T, especially its failure to explain how its request to seal overcomes the common law or First Amendment presumption to access, the Government's Motion to Seal [DE-286] is DENIED. In accordance with Local Civil Rule 79.2(b)(3), and in the court's discretion, the court DIRECTS the Clerk of Court to maintain the documents at Docket Entries 286 and 288 under seal. The Government or the Movant may (1) file a renewed motion to seal, which complies with the Local Rules of this court and Section T of the CM/ECF Policy manual, by Friday, September 14, 2012, at noon, or (2) file the document at Docket Entry 286 as a public document by that same time.

2

Case 3:75-cr-00026-F   Document 289   Filed 09/13/12   Page 2 of 3

SO ORDERED. This, the 13th day of September, 2012.

                                    *James C. Fox*
                                  James C. Fox
                                  Senior United States District Judge

3