GOVERNMENT
EXHIBIT
3

# UNITED STATES CODE

## 1976 EDITION

CONTAINING THE GENERAL AND PERMANENT LAWS
OF THE UNITED STATES, IN FORCE
ON JANUARY 3, 1977

Prepared and publisbed under autbority of Title 2, U.S. Code, Section 285b
by the Office of tbe Law Revision Counsel of tbe House of Representatives

## VOLUME FOUR

TITLE 16—CONSERVATION
TO
TITLE 18—CRIMES AND CRIMINAL PROCEDURE

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1977

within the jurisdiction of the United States, and is not within the jurisdiction of any State.

(b) Whoever violates the provisions of subsection (a) of this section shall be fined not more than $10,000 or imprisoned not more than two years, or both.

(c) Whoever, being (1) the owner of an American vessel, or (2) the owner of any vessel under or within the jurisdiction of the United States, or (3) the owner of any vessel and being an American citizen, shall use, or knowingly permit the use of, such vessel in violation of any provision of this section shall, in addition to any other penalties provided by this chapter, forfeit such vessel, together with her tackle, apparel, and furniture, to the United States.

(Added May 24, 1949, ch. 139, § 23, 63 Stat. 92.)

**§ 1083. Transportation between sbore and ship; penalties**

(a) It shall be unlawful to operate or use, or to permit the operation or use of, a vessel for the carriage or transportation, or for any part of the carriage or transportation, either directly or indirectly, of any passengers, for hire or otherwise, between a point or place within the United States and a gambling ship which is not within the jurisdiction of any State. This section does not apply to any carriage or transportation to or from a vessel in case of emergency involving the safety or protection of life or property.

(b) The Secretary of the Treasury shall prescribe necessary and reasonable rules and regulations to enforce this section and to prevent violations of its provisions.

For the operation or use of any vessel in violation of this section or of any rule or regulation issued hereunder, the owner or charterer of such vessel shall be subject to a civil penalty of $200 for each passenger carried or transported in violation of such provisions, and the master or other person in charge of such vessel shall be subject to a civil penalty of $300. Such penalty shall constitute a lien on such vessel, and proceedings to enforce such lien may be brought summarily by way of libel in any court of the United States having jurisdiction thereof. The Secretary of the Treasury may mitigate or remit any of the penalties provided by this section on such terms as he deems proper.

(Added May 24, 1949, ch. 139, § 23, 63 Stat. 92.)

**§ 1084. Transmission of wagering information; penalties**

(a) Whoever being engaged in the business of betting or wagering knowingly uses a wire communication facility for the transmission in interstate or foreign commerce of bets or wagers or information assisting in the placing of bets or wagers on any sporting event or contest, or for the transmission of a wire communication which entitles the recipient to receive money or credit as a result of bets or wagers, or for information assisting in the placing of bets or wagers, shall be fined not more than $10,000 or imprisoned not more than two years, or both.

(b) Nothing in this section shall be construed to prevent the transmission in interstate or foreign commerce of information for use in news reporting of sporting events or contests, or for the transmission of information assisting in the placing of bets or wagers on a sporting event or contest from a State where betting on that sporting event or contest is legal into a State in which such betting is legal.

(c) Nothing contained in this section shall create immunity from criminal prosecution under any laws of any State, Commonwealth of Puerto Rico, territory, possession, or the District of Columbia.

(d) When any common carrier, subject to the jurisdiction of the Federal Communications Commission, is notified in writing by a Federal, State, or local law enforcement agency, acting within its jurisdiction, that any facility furnished by it is being used or will be used for the purpose of transmitting or receiving gambling information in interstate or foreign commerce in violation of Federal, State or local law, it shall discontinue or refuse, the leasing, furnishing, or maintaining of such facility, after reasonable notice to the subscriber, but no damages, penalty or forfeiture, civil or criminal, shall be found against any common carrier for any act done in compliance with any notice received from a law enforcement agency. Nothing in this section shall be deemed to prejudice the right of any person affected thereby to secure an appropriate determination, as otherwise provided by law, in a Federal court or in a State or local tribunal or agency, that such facility should not be discontinued or removed, or should be restored.

(Added Pub. L. 87-216, § 2, Sept. 13, 1961, 75 Stat. 491.)

CROSS REFERENCES

Wire or oral communications, authorization for interception, to provide evidence of offenses under this section, see section 2516 of this title.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 1961, 2516 of this title.

## CHAPTER 51—HOMICIDE

Sec.
1111. Murder.
1112. Manslaughter.
1113. Attempt to commit murder or manslaughter.
1114. Protection of officers and employees of the United States.
1115. Misconduct or neglect of ship officers.
1116. Murder or manslaughter of foreign officials, official guests, or internationally protected persons.
1117. Conspiracy to murder.

AMENDMENTS

1976—Pub. L. 94-467, § 3, Oct. 8, 1976, 90 Stat. 1998, substituted "official guests, or internationally protected persons" for "or official guests" in item 1116.

1972—Pub. L. 92-539, title 1, § 102, Oct. 24, 1972, 86 Stat. 1071, added items 1116 and 1117.

CROSS REFERENCES

Wire or oral communications, authorization for interception, to provide evidence of murder, see section 2516 of this title.

**§ 1111. Murder**

(a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any

Case 3:75-cr-00026-BO Document 413-3 Filed 11/23/20 Page 2 of 3

other kind or willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, rape, burglary, or robbery; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

Any other murder is murder in the second degree.

(b) Within the special maritime and territorial jurisdiction of the United States.

Whoever is guilty of murder in the first degree, shall suffer death unless the jury qualifies its verdict by adding thereto "without capital punishment", in which event he shall be sentenced to imprisonment for life;

Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life.

(June 25, 1948, ch. 645, 62 Stat. 756.)

HISTORICAL AND REVISION NOTES

Based on title 18, U.S.C., 1940 ed., §§ 452, 454, 567 (Mar. 4, 1909, ch. 321, §§ 273, 275, 330, 35 Stat. 1143, 1152).

Section consolidates the punishment provision of sections 454 and 567 of title 18, U.S.C., 1940 ed., with section 452 of title 18, U.S.C., 1940 ed.

The provision of said section 454 for the death penalty for first degree murder was consolidated with section 567 of said title 18, by adding the words "unless the jury qualifies its verdict by adding thereto 'without capital punishment' in which event he shall be sentenced to imprisonment for life".

The punishment for second degree murder was changed and the phrase "for any term of years or for life" was substituted for the words "not less than ten years and may be imprisoned for life". This change conforms to a uniform policy of omitting the minimum punishment.

Said section 567 was not included in section 2031 of this title since the rewritten punishment provision for rape removes the necessity for a qualified verdict.

The special maritime and territorial jurisdiction provision was added in view of definitive section 7 of this title.

CROSS REFERENCES

Actions aboard aircraft in flight in violation of this section punishable as provided herein, see section 1472 of Title 49, Transportation.

Assault with intent to murder, see section 113 of this title.

Bank robbery, murder in committing, see section 2113 of this title.

Death sentence, dissection of body may be prescribed, see section 3567 of this title.

Execution of death sentence, see section 3566 of this title.

High seas, citizen committing murder as pirate, see section 1652 of this title.

Indian country—

Jurisdiction of offenses committed by Indians, see section 3242 of this title.

Law governing offenses, see section 1153 of this title.

Limitations, capital offenses, see section 3281 of this title.

Mailing matter of character tending to incite murder, see section 1461 of this title.

Railroads, entering train to commit murder, see section 1991 of this title.

Venue, see section 3236 of this title.

FEDERAL FORMS OF CRIMINAL PROCEDURE

Indictment for murder in the first degree—

Federal officer as victim, see form 1, Appendix to this title.

Offense committed on federal reservation, see form 2.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 351, 1114, 1116, 1117, 1751 of this title; title 7 section 2146; title 15 section 1825; title 21 sections 461, 675, 1041; title 49 section 1472.

### § 1112. Manslaughter

(a) Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

Voluntary—Upon a sudden quarrel or heat of passion.

Involuntary—In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death.

(b) Within the special maritime and territorial jurisdiction of the United States,

Whoever is guilty of voluntary manslaughter, shall be imprisoned not more than ten years;

Whoever is guilty of involuntary manslaughter, shall be fined not more than $1,000 or imprisoned not more than three years, or both.

(June 25, 1948, ch. 645, 62 Stat. 756.)

HISTORICAL AND REVISION NOTES

Based on title 18, U.S.C., 1940 ed., §§ 453, 454 (Mar. 4, 1909, ch. 321, §§ 274, 275, 35 Stat. 1143).

Section consolidates punishment provisions of sections 453 and 454 of title 18, U.S.C., 1940 ed.

The special maritime and territorial jurisdiction provision was added in view of definitive section 7 this title.

Minor changes were made in phraseology.

CROSS REFERENCES

Actions aboard aircraft in flight in violation of this section punishable as provided herein, see section 1472 of Title 49, Transportation.

Indian country—

Jurisdiction of offenses committed by Indians, see section 3242 of this title.

Law governing offenses, see section 1153 of this title.

Venue, see section 3236 of this title.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 351, 1114, 1116, 1751 of this title; title 15 section 1825; title 21 section 1041; title 49 section 1472.

### § 1113. Attempt to commit murder or manslaughter

Except as provided in section 113 of this title, whoever, within the special maritime and territorial jurisdiction of the United States, attempts to commit murder or manslaughter, shall be fined not more than $1,000 or imprisoned not more than three years, or both.

(June 25, 1948, ch. 645, 62 Stat. 756.)

HISTORICAL AND REVISION NOTES

Based on title 18, U.S.C., 1940 ed., § 456 (Mar. 4, 1909, ch. 321, § 277, 35 Stat. 1143).

Words "within the special maritime and territorial jurisdiction of the United States" were added in view of definitive section 7 of this title, and section was rearranged to more clearly express intent of existing law.

Mandatory punishment provision was rephrased in the alternative.