IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 3:75-CR-00026-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | UNITED STATES' SURREPLY IN OPPOSITION TO MOTION FOR COMPASSIONATE RELEASE |
| v. | ) | |
| | ) | |
| JEFFREY MACDONALD | ) | |

MacDonald's arguments on reply regarding the applicability of 18 U.S.C. § 3582(c) to his case are meritless. In fact, courts have ticked through these precise arguments and explained why they fail. *See United States v. Matta-Lopez*, LA CR85-00606 JAK(1), Order Re Motion for Reconsideration of Denial of Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 267 (May 8, 2020) (hereafter, *Matta-Lopez Reconsideration*); *United States v. Whitmore*, Case No. 00-cr-00194-EMC-1, 2020 WL 4226515, *3–6 (N.D. Cal. July 23, 2020). Specifically:

1. The legislative history as to why Congress limited the retroactivity of § 3582(c), whether because of *ex post facto* concerns or otherwise, is irrelevant. Congress unambiguously provided that the Sentencing Reform Act of 1984, including § 3582, applies only to offenses committed on or after November 1, 1987. "Congress can adopt a particular term of a statute for more than one reason," and "[t]hat one reason for limiting retroactivity is mentioned in the legislative history does not mean that it was the only basis, particularly when the text of the statute is clear." *Matt-Lopez Reconsideration*, at 2; *see also Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 254 (2010) (Scalia, J., concurring) ("The statute before us is a law because its text was approved by a majority vote of the House and the Senate, and was signed by the President. . . . Our cases have said that legislative history is irrelevant when the statutory text is

clear.”).

2. The words “in any case” in § 3582 hurt MacDonald’s argument, not help it. This is because the words “in any case” have been used in § 3582 since its original enactment in 1984, at the very time Congress made clear that it would not apply retroactively. Thus, there is no reason to think that Congress meant “in any case” to *exclude* old-law cases in 1984 but that now the words “in any case” should *include* old-law cases. “Further, these words are used to introduce those circumstances in which relief may be warranted” and “are not a separate, independent statement of the scope of available relief.” *Matta-Lopez Reconsideration*, at 3.

3. When the First Step Act amended § 3582(c) to allow new-law inmates to seek compassionate release from the sentencing court, it neither amended 18 U.S.C. § 4205(g) nor took any action to make § 3582(c) retroactive to pre-November 1, 1987 offenses. The resulting distinction between compassionate-release requirements for old-law and new-law inmates is entirely reasonable: while parole is not available to new-law inmates, it is available to old-law inmates like MacDonald. *Whitmore*, 2020 WL 4226515, at *4. Thus, it is both logical and reasonable to expand prisoners’ rights to seek a sentence reduction from the court in a no-parole regime, but to maintain the status quo with respect to those prisoners who, like MacDonald, are currently eligible to seek parole, may become eligible in the future, and in the vast majority of cases have a mandatory parole date set at two-thirds of their sentence.

4. Congress did not, as MacDonald suggests, implicitly repeal the retroactivity limitation on § 3582(c). Repeals by implication are not favored and, generally speaking, congressional intent to repeal must be “clear and manifest” unless two laws are “irreconcilable.” *Morton v. Mancari*, 417 U.S. 535, 550–51 (1974); *see FCC v. NextWave Personal Communications Inc.*, 537 U.S. 293, 304 (2003). Thus, the fact that Section 102(b) of the First

Step Act *included* express language making clear that amendments to 18 U.S.C. § 3624 were applicable to offenses committed on or after November 1, 1987, does not mean that the *absence* of such language in Section 603 of the First Step Act should be read to affirmatively repeal the longstanding retroactivity limitation on § 3582(c). Furthermore, there were good reasons for clarifying the applicability of the amendments in § 3624 that did not exist for § 3582(c); specifically, the changes to § 3624—adding a new subsection to § 3624, requiring the use of a risk and needs assessment to be developed by the Attorney General, and changes regarding good-time credits—required clarification as to its effective date and applicability to new-law defendants that was unnecessary for the changes to § 3582(c). *Whitmore*, 2020 WL 4226515, at *5.

5. The pending legislation MacDonald cites "is entitled to little, if any, weight." *Whitmore*, 2020 WL 4226515, at *6. If anything, the fact that the sponsors of the First Step Act have introduced legislation to *add* pre-1987 offenses to § 3582(c)(1)(A) underscores the fact that § 3582(c)(1)(A) in its present form does *not* apply to those offenses. But ultimately, this pending bill is irrelevant to what "Congress intended" § 3582(c)(1)(A) to mean when it amended the statute in the First Step Act. *See* MacDonald Reply, at 5. One knows what Congress intended by looking at what Congress said in the text of the law it passed and the President signed. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 403 (2010) (Scalia, J.) ("The manner in which the law could have been written has no bearing; what matters is the law the Legislature *did* enact. We cannot rewrite that to reflect our perception of legislative purpose." (citations and quotation marks omitted)). Here, nothing has been said to eliminate the clear statutory directive that 18 U.S.C. § 3582 does not apply to MacDonald's pre-1987 offenses.

With respect to the balance of MacDonald's reply, three additional points are in order. *First*, although MacDonald cites three district court orders which have granted compassionate

release to old-law inmates, in none of these cases was the applicability of § 3582(c) to these inmates actually litigated. Rather, the United States opposed release based only on the grounds set forth in § 3582(c) and did not raise the issue. *See* Government's Response in Opposition, *United States v. Rice*, 83 Cr. 150 (LGS), ECF No. 75 (S.D.N.Y. July 17, 2020); Government's Memorandum of Law in Opposition, *United States v. Torres*, 87-CR-593 (SHS), ECF No. 554 (S.D.N.Y. April 15, 2020); Government's Memorandum of Law in Opposition, *United States v. Fisher*, 83 Cr. 150 (PAC), ECF No. 89 (S.D.N.Y. Aug. 21, 2020). The government remains unaware of any case where a court that considered the issue found that § 3582(c) applies to old-law inmates, and MacDonald has not cited one.

*Second*, according to MacDonald, the government believes that the only "remaining inquiry for this Court is whether after considering the § 3553(a) factors, Dr. MacDonald is a danger to the community." MacDonald Reply, at 6. That is a complete misstatement of what an analysis of the § 3553(a) factors requires. While the need for the sentence imposed "to protect the public from further crimes of the defendant" is *one* factor the Court must consider, *see* § 3553(a)(2)(C), it is certainly not the only one. Rather, to the extent the Court reaches the § 3553(a) analysis at all, it must consider all the factors. And in this case, those factors—including, critically, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to promote respect for the law and provide just punishment, and the kinds of sentences available—all cut sharply against releasing MacDonald.

*Third*, according to MacDonald, the government's view is that "we should disregard any plea of innocence and assume everyone is guilty of the crime for which they are charged or convicted to increase the public's confidence in the administration of justice." MacDonald Reply, at 6–7. Of course, the government does not believe that the Court should assume everyone is

guilty of a crime for which they are "charged," *id.* at 7; rather, those charged are presumed innocent until proven guilty. But the Court—and everyone else—*should* assume that a person who has been duly convicted, exhausted his appeals and postconviction remedies, and is subject to a final judgment of guilt is, in fact, guilty. Adjudicating guilt is a central purpose of the criminal-justice system. Thus, when a person is *convicted* of murdering his pregnant wife and children, continues to deny responsibility, engages in post-conviction efforts to generate public sympathy, and then seeks early "compassionate" release, his denial of responsibility for his crimes is a fair and important consideration for the Court to consider in determining whether release is appropriate.

## CONCLUSION

Other courts have considered and rejected MacDonald's arguments about the applicability of § 3582(c) to old-law inmates like himself after the First Step Act. Furthermore, MacDonald has yet to offer up a single opinion wherein a district court actually considered these issues and decided them his way. And even if § 3582(c) applied to his case, the § 3553(a) factors do not support release. The Court should deny his motion.

Respectfully submitted this 4th day of December, 2020.

ROBERT J. HIGDON, JR.
United States Attorney

By: /s/ John E. Harris
JOHN E. HARRIS
Attorney for United States of America
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: john.harris5@usdoj.gov
N.C. Bar No. 49253

## CERTIFICATE OF SERVICE

I do hereby certify that I have this 4th day of December, 2020, served a copy of the foregoing upon the below-listed party by electronically filing the foregoing with the Court on this date using the CM/ECF system or placing a copy in the United States Mail to the following:

Hart Miles
hart.miles@cheshirepark.com

Elliot Sol Abrams
elliot.abrams@cheshirepark.com

Catherine S. Brown
catherine.brown@cheshirepark.com

Cheshire Parker Schneider, PLLC
PO Box 1029
Raleigh, NC 27602

Joseph E. Zeszotarski, Jr.
Gammon, Howard, and Zeszotarski, PLLC
P.O. Box 1127
Raleigh, NC 27602
jzeszotarski@ghz-law.com

*Counsel for the Defendant*

ROBERT J. HIGDON, JR.
United States Attorney

By: /s/ John E. Harris
JOHN E. HARRIS
Attorney for United States of America
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: john.harris5@usdoj.gov
N.C. Bar No. 49253