IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 3:75-CR-26-BO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| JEFFREY MACDONALD | ) |

This cause comes before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government has responded, defendant has replied, and a hearing on the matter was held before the undersigned on March 11, 2021, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling and, for the reasons that follow, the motion is denied.

BACKGROUND

Defendant, MacDonald, is currently serving three consecutive life sentences imposed on August 29, 1979, following a jury's verdict convicting him of two counts of second-degree murder and one count of first-degree murder for the killing of his wife and daughters on February 17, 1970. MacDonald filed the instant motion seeking compassionate release on two grounds: first, based upon his health conditions and the current COVID-19 pandemic, which he contends constitute extraordinary and compelling circumstances, and second, based upon his age and the length of time he has served under his sentences. *See* 18 U.S.C. § 3582(c)(1)(A)(i)–(ii). At the hearing before the undersigned, counsel for MacDonald also argued that MacDonald's medical conditions and his age alone constitute extraordinary and compelling circumstances and that his release is otherwise warranted under the applicable factors.

The government opposes MacDonald's motion on two grounds. First, the government contends that this Court is without jurisdiction to consider MacDonald's 18 U.S.C. § 3582(c)(1)(A) motion because that statute is inapplicable to him based upon the date of his crimes. The government further argues that if the Court determines that it has the authority to consider MacDonald's motion, it should deny the motion on the merits.

DISCUSSION

The procedural and factual background of this case has been recounted in several post-conviction orders entered by this Court and opinions filed by the court of appeals. *See, e.g., United States v. MacDonald*, 911 F.3d 723 (4th Cir. 2018). Because the Court determines that it is without authority to consider MacDonald's motion, it dispenses with a recitation of these facts.

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule applies where a defendant qualifies for a modification of his term of imprisonment, often referred to as compassionate release. *Id.* § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018 (First Step Act),[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the Bureau of Prisons (BOP). Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies. Compassionate release may be available to defendants if (1) extraordinary and compelling circumstances warrant a reduction in their sentence or (2) the defendant is serving a sentence imposed pursuant to 18 U.S.C. § 3559(c), is at least seventy years old, and has served at least thirty years in prison. *Id.* §§ 3582(c)(1)(A)(i)–

---

[1] Pub. L. No. 115-391, 132 Stat. 5194.

(ii). In order to determine that a reduction in sentence is warranted, a court must further consider the 18 U.S.C. § 3553(a) factors. *Id.*

The compassionate release statute on which MacDonald relies, 18 U.S.C. § 3582(c)(1)(A), was enacted as part of the Sentencing Reform Act of 1984 (Sentencing Reform Act). Pub. L. No. 98-473, 98 Stat. 1837 (1984). Specifically, in Section 212 of the Sentencing Reform Act, Congress enacted a section titled, "Imposition of a sentence of imprisonment," to be codified at 18 U.S.C. § 3582. As it does today, this section allowed for a reduction of an imposed term of imprisonment based upon a finding of extraordinary and compelling circumstances, except it provided that such a reduction could be made only upon a motion by the Director of the BOP. *Id.* As discussed above, the requirement that the Director of the BOP file a motion for reduction on the defendant's behalf was amended by Section 603 of the First Step Act.

Prior to the Sentencing Reform Act, defendants such as MacDonald were sentenced under a sentencing scheme which, among other things, vested the United States Parole Commission with the authority to grant parole to eligible defendants. *See* 18 U.S.C. §§ 4202–4205. A defendant sentenced under the pre-Sentencing Reform Act scheme to more than one year of imprisonment generally becomes eligible for release on parole after he has served one-third of his imposed sentence or sentences or after he has served ten years of a life sentence. *Id.* § 4205(a). Subject to certain exceptions, all defendants serving a parole-eligible sentence of five years or more are also assigned a mandatory parole date, which is set at two-thirds of each consecutive term or, if a life sentence had been imposed, thirty years of each consecutive term. *Id.* § 4206(d).

Under the parole or old-law sentencing scheme, defendants can seek immediate eligibility for parole based upon extraordinary and compelling circumstances. Specifically, 18 U.S.C. § 4205(g) provides that

3

> At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required.

*Id.* § 4205. The applicable BOP regulation describes a motion filed under § 4205(g) as one to be filed "in particularly extraordinary and compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.60.

The Sentencing Reform Act made a number of changes to the old sentencing laws, including ending the parole scheme under which MacDonald was sentenced and replacing it with supervised release. However, the Sentencing Reform Act did not eradicate the old-law sentencing scheme, as the provisions of the Sentencing Reform Act apply *only* to offenses committed after the effective date of the Act. Pub. L. No. 100-182, § 2(a), 101 Stat. 1266 (1987); *see also United States v. Watford*, 894 F.2d 665, 667 (4th Cir. 1990) (criminal conduct committed before November 1, 1987 not subject to the Sentencing Reform Act). Accordingly, this Court's authority to consider a request for compassionate release filed by a defendant under 18 U.S.C. § 3582(c)(1)(A) does not extend to old-law defendants like MacDonald who were sentenced for crimes committed prior to November 1, 1987. *United States v. Jackson*, __ F. 3d __, 2021 WL 1097664, at *1 (7th Cir. Mar. 23, 2021) ("People whose crimes predate November 1, 1987, continue to be governed by the law in force at the time of their offenses, such as the old Chapter 311 of Title 18, which set up a system of parole.").

MacDonald's arguments to the contrary are unavailing. MacDonald first argues that § 3582(c)(1) begins "in any case," and that the Court should not ignore this unambiguous statutory language. However, as other courts that have considered this issue have held, this "in any case" language has been included in § 3582(c)(1) since its inception, and from its inception the "in any case" language has not served to "override the 1987 cutoff date." *United States v. Whitmore*, No.

4

00-CR-00194-EMC-1, 2020 WL 4226515, at *3 (N.D. Cal. July 23, 2020); *see also Jackson*, 2021 WL 1097664, at *2.

Next, MacDonald argues that the Sentencing Reform Act, including the prior version of § 3582(c)(1), was made effective November 1, 1987, to avoid an *ex post facto* problem that would have been created by a retroactive effective date. MacDonald contends that the new law, i.e. Guidelines-based sentencing, subjects defendants to harsher punishment than what old-law defendants faced, and thus Congress could not apply the Sentencing Reform Act's provisions retroactively without offending the Constitution. MacDonald argues that there is no *ex post facto* problem with applying the First Step Act-amended version of § 3582(c)(1)(A) to old-law defendants, however, as it operates to their benefit by providing an alternate avenue for release from custody.

This argument assumes that Congress declined to make any of the provisions of the Sentencing Reform Act retroactive solely because of *ex post facto* concerns. However, the "statutory text here is clear and its straightforward application . . . does not frustrate Congress's apparent intent." *United States v. Matta-Ballesteros*, No. 20-50129, 2021 WL 531549, at *2 (9th Cir. Feb. 12, 2021). That application of § 3582(c)(1)(A) to old-law defendants would be to their benefit does not provide this Court with a basis to ignore the clear command that the provisions of the Sentencing Reform Act apply only to offenses committed after November 1, 1987.

MacDonald next argues that failing to apply the new version of § 3582(c) to old-law defendants would thwart Congress's intent in passing Section 603 of the First Step Act, namely to increase the use of compassionate release, and that the legislative history of the First Step Act supports his reading. However, it is also entirely plausible that Congress made a distinction between old-law and new-law defendants when passing the First Step Act. Significantly, old-law

defendants are eligible for parole, while new-law defendants are not. Indeed, MacDonald remains eligible for parole, just as he remains eligible for a motion to be filed on his behalf pursuant to § 4205(g) based upon extraordinary and compelling circumstances. He also, along with all defendants, remains eligible for executive clemency. *Jackson,* 2021 WL 1097664 at *1.

Moreover, though MacDonald correctly argues that old-law inmates are by definition some of the oldest inmates in the BOP and that § 3582(c)(1)(A) was amended by the First Step Act to make compassionate release more available, "Congress could have amended § 4205(g) or expressly stated the retrospective effect of FSA § 3582(c) to old-law defendants," but it did not. *Whitmore,* 2020 WL 4226515, at *4. MacDonald contends that recently-introduced legislation that would insert a technical correction to the First Step Act-amended § 3582(c)(1) to apply the amendment to offenses committed before November 1, 1987, further supports his argument that Congress intended in 2018 for old-law inmates to benefit from the amendment to § 3582(c)(1)(A). But proposed legislation does not carry the force of law and, contrary to MacDonald's argument, such legislation is evidence that as it stands today § 3582(c)(1)(A) was *not* amended to include old-law inmates.

Finally, MacDonald points to the fact that in Section 102(b) of the First Step Act, which amended 18 U.S.C. § 3624 governing the release of a prisoner, Congress included language making the amendment expressly inapplicable to offenses committed before November 1, 1987. Section 603 of the First Step Act, which amended § 3582(c)(1), does not contain such language. MacDonald argues that because Congress has included particular language in one section of the statute but has omitted it in another, it must be presumed that Congress acted intentionally in doing so, *see Russello v. United States,* 464 U.S. 16, 23 (1983), and the amended § 3582(c)(1)(A) should be read to apply to all defendants, not just new-law defendants.

6

The Seventh Circuit has recently addressed this argument, concluding that nothing in any of the prior amendments to § 3624, including its amendment by the First Step Act, would imply that a different section of the Sentencing Reform Act has suddenly become applicable to older crimes. *Jackson*, 2021 WL 1097664, at *2. This Court agrees with the Seventh Circuit's reasoning and rejects MacDonald's argument on this ground. *See also Whitmore*, 2020 WL 4226515, at *5 ("[Section] 3582(c) existed prior to the FSA; rather than creating a new subsection, the FSA amended an existing section which was already subject to the November 1987 cut-off date. In short there was no need to reiterate the November 1987 cut-off.").

As far as this Court is aware, each of the courts that have grappled with this issue have concluded that § 3582(c)(1)(A), prior to and after its amendment by the First Step Act, does not apply to defendants whose crimes were committed before November 1, 1987. *See, e.g., United States v. Faul*, No. 3:83-CR-00016, 2021 WL 965311, at *2 (D.N.D. Mar. 15, 2021) (listing cases); *cf. United States v. Lika*, No. 84-CR-499 (CS), 2020 WL 2766049, at *1 (S.D.N.Y. May 28, 2020) (agreeing with government's argument that § 3582(c)(1)(A) does not apply to old-law defendants, but going on to consider merits of motion because doing so seemed consistent with Congress's intent in enacting the First Step Act). This Court has been presented with no argument from the defendant that would persuade it to conclude otherwise. Accordingly, the Court holds that 18 U.S.C. § 3582(c)(1)(A) is inapplicable to MacDonald, and his motion for compassionate release is therefore denied.

## CONCLUSION

For the foregoing reasons, defendant's motion for compassionate release [DE 403] is DENIED.

Defendant's motion to seal his exhibits which contain medical records and personally identifiable information [DE 405] is GRANTED.

SO ORDERED, this __9__ day of April, 2021.

_Terrence W. Boyle_

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 3:75-cr-00026-BO     Document 431     Filed 04/09/21     Page 8 of 8